UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY EARL LOVERN                                                        PETITIONER


        VERSUS                                      CIVIL ACTION NO. 3:17CV849-TSL-RHW


MARSHAL TURNER                                                             RESPONDENT


### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Anthony Earl Lovern filed on October 25, 2017, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. [1].  Lovern is currently in custody of the Mississippi Department of Corrections.  On December 2, 2009, he executed a petition to enter guilty plea. Doc. [11-2].  On December 10, 2009, the Circuit Court of Rankin County, Mississippi accepted Lovern's guilty plea and entered a judgement of conviction and sentence.  Doc. [11-3].  On August 22, 2016, Lovern filed a petition for post-conviction relief in Rankin County Circuit Court.  Doc. [11-5].  The court dismissed Lovern's petition as time barred, because he filed it almost seven years after his guilty plea and it did not fall within any of the exceptions to Mississippi's statute of limitations for post-conviction relief.  Doc. [11-6].   The Mississippi Court of Appeals affirmed the Circuit Court's dismissal of Lovern's petition.  Doc. [11-7]. Lovern then filed the instant § 2254 petition on October 25, 2017.  Respondent has filed a motion to dismiss the petition as time-barred by the AEDPA's one-year limitation.  Doc. [11]. Subsequently, Lovern filed a motion to dismiss his petition pursuant to Fed. R. Civ. P. 41(a)(2). Doc. [12].

## LAW AND ANALYSIS

28 U.S.C. § 2244 provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the trial court entered judgment of conviction and sentence on December 10, 2009, pursuant to Lovern's guilty plea.  By statute, there is no direct appeal from a guilty plea.  *See* Miss. Code Ann. § 99-35-101.  Accordingly, Lovern's judgment became final on December 10, 2009.  *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).  Absent tolling, Lovern's § 2254 petition would need to be filed by December 10, 2010, to be timely.  Lovern did not file an application for post-conviction relief in state court until August 22, 2016.  Thus, the untimely state petition did not operate to toll the AEDPA's one-year limitation period.  There is no record of any earlier filed state petition.

Lovern filed the instant federal habeas petition on October 25, 2017, more than six years beyond the deadline for filing a timely §2254 petition.  Lovern has not filed a response in opposition to Respondent's motion to dismiss.  He does not dispute the time line as presented in Respondent's motion.  Likewise, in his § 2254 petition, Lovern does not argue that his petition is timely.  Accordingly, unless Lovern identifies some exception to the limitation period, his petition is time-barred and should be dismissed with prejudice.

In his petition, Lovern appears to argue for an exception to the limitation period.  He argues that he is actually innocent of the crime of conviction.  Doc. [1] at 3.  He also attributes the delay in filing to his status as an indigent litigant with no legal training and only a high school education.  *Id.* at 19.  Lovern further asserts that at the time of his arrest, he was unable to defend himself due to a lack of financial resources and he was forced to accept court-appointed counsel.  *Id.*

The Supreme Court has held that actual innocence may serve as a means to overcome a procedural bar such as the expiration of a statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S 383, 386 (2013).  To support a credible claim of actual innocence, a petitioner must support his allegations of constitutional error with new reliable evidence that was not presented at trial.  *Schlup v. Delo* , 513 U.S. 298, 324 (1995).  "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  *Id.*  Petitioner must persuade the court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* at 329.

Lovern's assertion of actual innocence is unpersuasive.  First, Lovern pleaded guilty to the charged offense.  He admitted under oath to the acts supporting the conviction now challenged.  Furthermore, Lovern offers no "new reliable evidence" demonstrating actual

innocence to negate his sworn admission of guilt.  He speculates about the existence of biological or DNA testing, but does not offer proof that any such exculpatory evidence exists. The undersigned notes that Lovern was indicted on March 2, 2009, for crimes that occurred in 2005 and 2006.  Given the time lapse, it is unlikely that any such biological or DNA evidence exists.  Based on the foregoing, the undersigned finds that Lovern has not demonstrated actual innocence as an exception to the limitation period.

The Supreme Court also has recognized that, in appropriate cases, the limitations period may be equitably tolled.  *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010).  However, equitable tolling is available only in rare and exceptional circumstances.  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Id.* at 2562.

Lovern's alleged ignorance of the law does not constitute a rare and exceptional circumstance.  *See Felder*, 204 F.3d at 171-72; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).  Moreover, Lovern fails to demonstrate that he pursued his rights diligently from the time of his 2009 guilty plea and conviction until he finally filed the instant petition in October 2017. He does not allege that any impediment or extraordinary circumstance prevented a timely filing. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). The fact that court-appointed counsel represented him during the underlying criminal proceedings does not constitute an extraordinary circumstance to justify equitable tolling of the AEDPA's subsequent one-year limitation period on post-conviction remedies. Based on the foregoing, the undersigned finds that Lovern is not entitled to equitable tolling.

Lovern has filed a motion requesting dismissal of his petition for various personal reasons.  Doc. [12].  Although not stated in his motion, the undersigned construes Lovern's motion as a request to dismiss his petition voluntarily and thus without prejudice to re-filing.  Lovern cites to Fed. R. Civ. P. 41(a)(2), which permits for dismissal without prejudice.  In light of the undersigned finding that Respondent's previously filed a motion to dismiss should be granted, the Court finds that Lovern's motion to dismiss without prejudice should be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [11] Motion to Dismiss be GRANTED and that Anthony Earl Lovern's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.  It is further recommended that Lovern's [12] Motion to Dismiss the petition voluntarily be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 30th day of April, 2018.


                  /s/ *Robert H. Walker*
                  ROBERT H. WALKER
                  UNITED STATES MAGISTRATE JUDGE